UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DUNKIN' DONUTS FRANCHISED            :
RESTAURANTS LLC, DD IP HOLDER LLC,   :
BASKIN-ROBBINS FRANCHISED SHOPS LLC, :
and BR IP HOLDER LLC,                :
                                     :
                    Plaintiffs,      :
                                     :
        -against-                    :
                                     :
SUNDRAM, INC., SATYAM SHIVAM, INC.   :
(now known as SATYAM EASTCHESTER LLC),:
SHIVAM SUNDRAM, INC. (now known as   :    ORDER
SHIVAM BRUCKNER LLC), TKNY PARTNERS  :
LLC, ANIL KAPOOR, and PRAN TIKU,     :
                                     :
                    Defendants.      :
------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01-18-08

07 Civ. 11134 (RJH)

HAIGHT, Senior District Judge:

Plaintiffs have moved by Order to Show Cause for a preliminary injunction. The case was assigned to Judge Holwell, who is presently absent from the Courthouse. Plaintiffs' motion was referred today to the undersigned, sitting in Part I. The Court, having conducted a telephone conference with counsel for all the parties, makes the following Order.

I will not refer the case to the Assignment Committee for reassignment to a different Trial Judge. Instead, I will continue to deal with the case as a Part I Judge, pending Judge Holwell's return.

The principal plaintiffs, Dunkin' Donuts Franchised Restaurants LLC and Baskin-Robbins Franchised Shops LLC, are franchisors of popular edible consumer products. Defendants are franchisees. The case for plaintiffs is that defendants have failed to pay monies due to plaintiffs under the franchise agreements. Purporting to act under provisions of those agreements, plaintiffs have given notices to defendants that their franchise agreements have been terminated. However,

"Defendants have refused to accept termination and continue to operate as if they were licensed Dunkin' and Baskin franchisees, which they are not." Pls.' Br. at 9. Plaintiffs assert claims for breach of contract, trademark and trade dress infringement, and unfair competition.

Plaintiffs' counsel say that they require no discovery and that their testimony at a hearing in support of their motion will be relatively brief. While counsel for defendants suggested during the telephone conference that they might require discovery before the hearing on plaintiffs' motion for a preliminary injunction, the need for, nature of, and scope of that discovery is not particularly clear, given the plaintiffs' theory of the case. That is not to say that defendants cannot show that they need discovery in order to oppose plaintiffs' motion, or are precluded from attempting to do so. But the proper course is to have plaintiffs' motion briefed and initially heard on an expedited basis.

In consequence, the Order to Show Cause has been completed so as to provide that defendants' answering papers must be served on or before February 1, 2008. Plaintiffs' reply papers, if any, must be served on or before 12:00 noon on February 7, 2008. Courtesy copies of all papers must be delivered to Chambers. The Court will hear the motion at 10:30 a.m. on February 13, 2008 in Room 17C, 500 Pearl Street.

This Scheduling Order is without prejudice to defendants undertaking to show, in their opposing papers or at the hearing on February 13, that they are entitled to discovery before the Court rules on plaintiffs' motion for a preliminary injunction.

It is SO ORDERED.

Dated: New York, New York
January 17, 2008

                                                   CHARLES S. HAIGHT, JR.
                                                   SENIOR UNITED STATES DISTRICT JUDGE