MICHAEL EINBINDER (ME-3930)
MATTHEW DAVID BROZIK (MB-6026)
EINBINDER & DUNN, LLP
*Counsel for Defendants*
104 WEST 40th STREET
NEW YORK, NEW YORK 10018
(212) 391-9500
(212) 391-9025 (facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, DD IP HOLDER LLC, a Delaware Limited Liability Company, DD IP HOLDER LLC, A Delaware Limited Liability Company, BASKIN-ROBBINS FRANCHISED SHOPS LLC, a Delaware Limited Liability Company, and BR IP HOLDER LLC,<br>Plaintiffs,<br>v.<br>SUNDRAM, INC., a New York Corporation, SATYAM SHIVAM, INC., (now known as Satyam Eastchester LLC), a New York Corporation, SHIVAM SUNDRAM, INC. (now known as Shivam Bruckner LLC), a New York Corporation, TKNY PARTNERS, LLC, a New York Limited Liability Company, ANIL KAPOOR, a resident of Massachusetts, and PRAN TIKU, a resident of Massachusetts,<br>Defendants. | 07-CV-11134 (RJH)<br><br>**ANSWER TO AMENDED COMPLAINT WITH COUNTERCLAIM** |

Defendants Sundram, Inc., Satyam Shivam, Inc., Shivam Sundram, Inc., and TKNY Partners LLC, by their attorney, Einbinder & Dunn, LLP, as and for their answer to the amended complaint herein allege as follows:

1.  Answering paragraph 1, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

2. Answering paragraph 2, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

3. Answering paragraph 3, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

4. Answering paragraph 4, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

5. Answering paragraph 5, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

6. Answering paragraph 6, the defendants admit the allegations contained therein.

7. Answering paragraph 7, the defendants admit the allegations contained therein.

8. Answering paragraph 8, the defendants admit the allegations contained therein.

9. Answering paragraph 9, the defendants admit the allegations contained therein.

10. Answering paragraph 10, the defendants admit the allegations contained therein.

11. Answering paragraph 11, the defendants admit the allegations contained therein.

12. Answering paragraph 12, the defendants respectfully refer questions of law to the Court.

13. Answering paragraph 13, the defendants respectfully refer questions of law to the Court.

14. Answering paragraph 14, the defendants respectfully refer questions of law to the Court.

15. Answering paragraph 15, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

16. Answering paragraph 16, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

17. Answering paragraph 17, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein and respectfully refer questions of law to the Court.

18. Answering paragraph 18, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

19. Answering paragraph 19, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

20. Answering paragraph 20, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

21. Answering paragraph 21, deny knowledge or information sufficient to form a belief as to the allegations contained therein.

22. Answering paragraph 22, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

23. Answering paragraph 23, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

24. Answering paragraph 24, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein and respectfully refer questions of law to the Court.

25. Answering paragraph 25, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

26. Answering paragraph 26, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein and respectfully refer questions of law to the Court.

27. Answering paragraph 27, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

28. Answering paragraph 28, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

29. Answering paragraph 29, the defendants respectfully refer the Court to the document referred to for its true terms and legal effect.

30. Answering paragraph 30, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein and respectfully refer the Court to the documents referred to for their true terms and legal effect.

31. Answering paragraph 31, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

32. Answering paragraph 32, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

33. Answering paragraph 33, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

34. Answering paragraph 34, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

35. Answering paragraph 35, the defendants denies knowledge or information sufficient to form a belief as to the allegations contained therein.

36.  Answering paragraph 36, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

37.  Answering paragraph 37, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

38.  Answering paragraph 38, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

39.  Answering paragraph 39, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

40.  Answering paragraph 40, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

41.  Answering paragraph 41, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

42.  Answering paragraph 42, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

43.  Answering paragraph 43, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

44.  Answering paragraph 44, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

45.  Answering paragraph 45, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect and respectfully refer questions of law to the Court.

46.     Answering paragraph 46, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect and respectfully refer questions of law to the Court.

47.     Answering paragraph 47, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect and respectfully refer questions of law to the Court.

48.     Answering paragraph 48, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect and respectfully refer questions of law to the Court.

49.     Answering paragraph 49, the defendants admit the existence of a Multiple Unit Store Development Agreement and respectfully refer the Court to the document referred to for its true terms and legal effect. The defendants deny the remainder of the allegations contained therein.

50.     Answering paragraph 50, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein

51.     Answering paragraph 51, the defendants admit that the plaintiffs tendered to the defendants certain purported notice but respectfully refer the Court to that document for its contents and legal effect.

52.     Answering paragraph 52, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein

53.     Answering paragraph 53, the defendants deny each and every allegation contained therein.

54. Answering paragraph 54, the defendants deny each and every allegation contained therein.

55. Answering paragraph 55, the defendants respectfully refer the Court to the documents referred to for their true terms and legal effect.

56. Answering paragraph 56, the defendants aver that they paid all required fees to the plaintiffs and respectfully refer the Court to those documents referred to for their true terms and legal effect.

57. Answering paragraph 57, the defendants admit that the plaintiffs tendered to the defendants certain purported notice but respectfully refer the Court to that document for its contents and legal effect.

58. Answering paragraph 58, the defendants aver that they paid all required fees to the plaintiffs and that if any fees were paid late, the default was *de minimis*.

59. Answering paragraph 59, the defendants admit that the plaintiffs tendered to the defendants certain purported notice but respectfully refer the Court to that document for its contents and legal effect.

60. Answering paragraph 60, the defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein.

61. Answering paragraph 61, the defendants deny each and every allegation contained therein.

62. Answering paragraph 62, the defendants deny each and every allegation contained therein.

63. Answering paragraph 63, the defendants deny each and every allegation contained therein.

64. Answering paragraph 64, the defendants admit that the plaintiffs tendered to the defendants certain purported notice but respectfully refer the Court to that document for its contents and legal effect.

65. Answering paragraph 65, the defendants repeat and reallege the allegations contained in paragraphs 1 through 64 hereof as if stated fully hereat.

66. Answering paragraph 66, the defendants deny each and every allegation contained therein.

67. Answering paragraph 67, the defendants deny each and every allegation contained therein.

68. Answering paragraph 68, the defendants deny each and every allegation contained therein.

69. Answering paragraph 69, the defendants repeat and reallege the allegations contained in paragraphs 1 through 68 hereof as if stated fully hereat.

70. Answering paragraph 70, the defendants deny each and every allegation contained therein.

71. Answering paragraph 71, the defendants deny each and every allegation contained therein.

72. Answering paragraph 72, the defendants repeat and reallege the allegations contained in paragraphs 1 through 71 hereof as if stated fully hereat.

73. Answering paragraph 73, the defendants deny each and every allegation contained therein.

74. Answering paragraph 74, the defendants deny each and every allegation contained therein.

75. Answering paragraph 75, the defendants deny each and every allegation contained therein.

76. Answering paragraph 76, the defendants repeat and reallege the allegations contained in paragraphs 1 through 75 hereof as if stated fully hereat.

77. Answering paragraph 77, the defendants deny each and every allegation contained therein.

78. Answering paragraph 78, the defendants deny each and every allegation contained therein.

79. Answering paragraph 79, the defendants deny each and every allegation contained therein.

80. Answering paragraph 80, the defendants repeat and reallege the allegations contained in paragraphs 1 through 79 hereof as if stated fully hereat.

81. Answering paragraph 81, the defendants deny each and every allegation contained therein.

82. Answering paragraph 82, the defendants deny each and every allegation contained therein.

83. Answering paragraph 83, the defendants deny each and every allegation contained therein.

84. Answering paragraph 84, the defendants repeat and reallege the allegations contained in paragraphs 1 through 83 hereof as if stated fully hereat.

85. Answering paragraph 85, the defendants deny each and every allegation contained therein.

86. Answering paragraph 86, the defendants deny each and every allegation contained therein.

87. Answering paragraph 87, the defendants deny each and every allegation contained therein.

88. Answering paragraph 88, the defendants repeat and reallege the allegations contained in paragraphs 1 through 87 hereof as if stated fully hereat.

89. Answering paragraph 89, the defendants deny each and every allegation contained therein.

90. Answering paragraph 90, the defendants deny each and every allegation contained therein.

91. Answering paragraph 91, the defendants repeat and reallege the allegations contained in paragraphs 1 through 90 hereof as if stated fully hereat.

92. Answering paragraph 92, the defendants deny each and every allegation contained therein.

93. Answering paragraph 93, the defendants deny each and every allegation contained therein.

94. Answering paragraph 94, the defendants deny each and every allegation contained therein.

95. Answering paragraph 95, the defendants deny each and every allegation contained therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

96. The plaintiffs have failed to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

97.     The plaintiffs improperly terminated the franchise agreements and the SDA agreements referred to in the Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

98.     The plaintiffs' claims are barred by the doctrines of unclean hands, laches, waiver, and acquiescence.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

99.     The plaintiffs have not suffered and will not suffer irreparable harm as a result of the alleged conduct by the defendants referred to in the Complaint. Moreover, the plaintiffs have adequate remedies at law with respect to their claims, and the balance of the equities favors the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

100.    The defendants' performance under the relevant agreements was excused by reason of the plaintiffs' prior breaches of the agreements.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

101.    The plaintiffs have failed to mitigate their damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

102.    The plaintiffs' notice(s) of termination and the complaint are pretextual and were issued in bad faith and in violation of the law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

103.    The plaintiffs' claims are barred by virtue of the unenforceability of certain provisions of the agreements between the parties upon which the plaintiffs purport to rely.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

103. To the extent that any conduct alleged had occurred and constituted a violation, such conduct was cured before the date of the notice of default and termination given by the plaintiffs. To the extent that the plaintiffs allege that any defendant committed any violation, no conduct on the part of any defendant was in contravention of any law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

103. The defendants repeat and reallege the allegations contained in paragraphs 1 through 102 hereof as if stated fully hereat.

104. Upon information and belief, the plaintiffs are currently undertaking an illegal, invidious, and discriminatory scheme to disenfranchise minority franchisees.

105. Upon information and belief, the plaintiffs are enforcing the default provisions of minority franchisees' franchise agreements, terminating the franchises of minorities for *de minimis* purported violations or inadvertent errors, while turning a blind eye to violations of contract and law of preferred, non-minority franchisees, sometimes aiding and abetting these violations.

106. Upon information and belief, the plaintiffs have terminated and continue to seek termination of the franchises of minority franchisees, not limited to the defendants herein, citing minor violations of a minority franchisee at one unit and then, relying on the "cross-default" provision of the franchise agreement, terminating all of a minority franchisee's agreements. The plaintiffs then offer the available units to preferred non-minority franchisees.

107. The actions of the plaintiffs are intentionally discriminatory and violate 42 U.S.C. § 1981.

WHEREFORE defendants Sundram, Inc., Satyam Shivam, Inc., Shivam Sundram, Inc., and TKNY Partners LLC pray for judgment dismissing the amended complaint in its entirety and granting them on their counterclaim a monetary sum to be determined at trial as compensatory damages plus interest; punitive damages; attorney's fees; costs and disbursements; an injunction enjoining the unlawful conduct of the plaintiffs; and such other and further relief as to the Court might seem just and proper.

Dated: New York, New York
       January 25, 2008

EINBINDER & DUNN, LLP

By: _____
    Matthew David Brozik (MB-6026)
*Counsel for Defendants
Sundram, Inc., Satyam Shivam, Inc.,
Shivam Sundram, Inc., and TKNY
Partners LLC*
104 West 40th Street
New York, New York 10018
Telephone: (212) 391-9500
Facsimile: (212) 391-9025