MICHAEL EINBINDER (ME-3930)
MATTHEW DAVID BROZIK (MB-6026)
EINBINDER & DUNN, LLP
*Counsel for Defendants*
104 WEST 40th STREET
NEW YORK, NEW YORK 10018
(212) 391-9500
(212) 391-9025 (facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, DD IP HOLDER LLC, a Delaware Limited Liability Company, DD IP HOLDER LLC, a Delaware Limited Liability Company, BASKIN-ROBBINS FRANCHISED SHOPS LLC, a Delaware Limited Liability Company, and BR IP HOLDER LLC,<br><br>                           Plaintiffs,<br><br>   v.<br><br>SUNDRAM, INC., a New York Corporation, SATYAM SHIVAM, INC. (now known as Satyam Eastchester LLC), a New York Corporation, SHIVAM SUNDRAM, INC. (now known as Shivam Bruckner LLC), a New York Corporation, TKNY PARTNERS, LLC, a New York Limited Liability Company, ANIL KAPOOR, a resident of Massachusetts, and PRAN TIKU, a resident of Massachusetts,<br><br>                           Defendants. | 07-CV-11134 (RJH)<br><br>**DECLARATION OF MICHAEL EINBINDER IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION** |

Michael Einbinder, duly licensed to practice before this court, declares as follows:

      1.    I am a member of Einbinder & Dunn, LLP, counsel to the defendants herein. I submit this declaration in opposition to the application of the plaintiffs for a preliminary injunction enjoining them from continuing to use the plaintiffs' trade names and marks during the pendency of this action.

2.     Specifically, I hereby put before the court facts relating to two aspects of the plaintiffs' unclean hands, which circumstance alone should preclude a grant of the extraordinary equitable relief they seek: The first is the failure of counsel for the plaintiffs to mention to me the fact of the defendants' defaults even while he was asking me to accept service of process in this action; the second is the apparent comprehensive, concerted effort the plaintiffs are making to remove minority franchisees from their systems.

**Counsel for the Plaintiffs' Failure to Mention the Defaults
Even While Communicating About this Lawsuit**

3.     Notwithstanding that counsel for the plaintiffs and I were in frequent contact about this case and others right after he sent notices to cure to the defendants, he did not mention the defendants' defaults to me.

4.     A review of my notes and records indicates that on Friday, December 14, 2007, Ron Degen, Esq., of counsel to the plaintiffs—whom I have known professionally for years, because I have represented several Dunkin' Donuts/Baskin-Robbins franchisees and he has long been outside counsel for the franchisors—called me at my office to advise that the plaintiffs herein had filed a complaint against defendant Shivam Sundram, Inc. and to ask if I could and would accept service of the summons and complaint on behalf of that entity, a client of my firm.

5.     Mr. Degen later that day by email forwarded the complaint to me. The original complaint had been filed with this court on Monday, December 10, being four days prior.

6.     The original complaint did not include a claim of breach of contract. The original complaint did not seek termination of Shivam Sundram's franchise, but rather sought only an order requiring it to cure certain alleged health, sanitation, and/or safety violations.

7.      Mr. Degen did not mention in our phone conversation or in his email that he had sent on December 10, on behalf of the plaintiffs to the defendants, notices to cure alleged defaults in payments of franchise and/or advertising fees.

8.      On Monday, December 17, I requested of Mr. Degen that he forward to me a copy of the inspection report purporting to show the health, sanitation, and/or safety violations alleged. Mr. Degen did forward the report, but still did not mention that the defendants were behind in any payments of any fees or that notices to cure had been sent by him to them.

9.      Neither did Mr. Degen mention the alleged defaults or notices thereof when he and I discussed, throughout the week of December 17, the plaintiffs' motion for an injunction requiring Shivam Sundram to cure the alleged health, sanitation, and/or safety violations, the consent order resolving that motion, or the conditions for the plaintiffs' consent (including payment of the plaintiffs' attorney's fees).

10.     The first I learned of the defendants' alleged defaults in payments of fees is when, on January 9, 2008, Mr. Degen sent me via email copies of the termination letters dated January 8 and sent to the defendants on that date. Having no knowledge of the defaults upon which the termination notices purported to be based, I (through my associate) asked Mr. Degen to forward copies of the notices to cure referred to, which he did, and which my associate then forwarded to the defendants. That was the first time that the defendants learned of the notices to cure. As indicated, they had otherwise recently realized that they had inadvertently missed some payments to the plaintiffs and immediately paid all monies owing.

**The Plaintiffs' Evident Invidious Scheme to Disenfranchise Minorities**

11.     My firm represents several Dunkin'Donuts/Baskin-Robbins franchisees, the principals of all of which are Indian, and all of which are being pushed out of the plaintiffs' franchise systems. I have spoken with other Indian or Southeast Asian franchisees as well who have communicated to me their perception that the plaintiffs have begun a concerted effort nationwide to force franchisees of their ethnicity out of the systems, which scheme is the subject of the defendants' counterclaim.

12.     Even a cursory review of available information regarding lawsuits brought by one or more of the plaintiffs in recent years provides evidence to support the premise that the plaintiffs are engaged in an invidious scheme to disenfranchise minority, and especially Indian, franchisees. The defendants fully expect that further evidence will be disclosed in discovery.

13.     According to public records, in the United States District Court for the Southern District of New York, in the recent past years, the plaintiffs have brought suit against the following:[*]

- Vmshree LLC, SACH, LLC, and Shree Vallbh, LLC (Vipul Mehta and Kiritkant Shah, principals) (2007)
- Rijay, Inc. (Mahendra G. Patel, Nita Patel) (2006)
- Rajsun, Inc. (2002)
- Aditya Umashankar (2001)
- Pirth, Inc., Nishil, Inc. (Dipak P. Amin) (2001, 2000)

---

[*] The natural person named defendants/franchisee principals appear, at least by name, to be Indian. The ethnicity of those franchisees whom the plaintiffs have sought to terminate in recent years will be the subject of disclosure demands made by the defendants. In at least some of these actions, the defendants have counterclaimed against the plaintiffs alleging discrimination based on race/ethnicity. In addition, suits against Indian franchisees represent approximately 23% of all suits brought by the plaintiffs in the Eastern District of New York, with another 13% of defendant franchisees being Asian. In the Southern District of New York, approximately 14% of all suits brought by the plaintiffs were against Indian defendants, with another 11% being Greek. In the District of New Jersey, between 2001 and 2007, 35% of franchisee defendants were Indian.

- 181st Street Donuts, Inc. (Kamal K. Aditya, Chhandra Aditya) (1999)
- Tri State Donuts, Inc. (Kamal K. Aditya) (1998)

14.  In the Eastern District of New York, the plaintiffs have brought suit against:

- 1700 Church Avenue Corp. (Asam Habib, Hindy Gluck) (2007)
- All Season Restaurant Group, Inc. (Geeta Shukla) (2007)
- Grand Central Donuts, Inc., Roosevelt Ave Donuts, Inc., Fortune Donut Corp., Plaza Donuts Corp., VBR Donut Corp., Manav Enterprises, Inc. (Rajan Patiwana, Nimesh Shah, Bharat Shah) (2007)
- Best Donuts, LLC, Star Donut Corp. (Salahuddin Ahmad, Gracie Ahmad, Rajesh R. Savargaonker, Bharat Patel, Yasmin Chaudhry) (2006)
- Best Donuts, LLC (Salahuddin Ahmad, Yasmin Chaudhry) (2006)
- Elder Donut Corporation, Bajwa Donut Corporation, Rizwan Donut Corporation, 92-17 Food Corp., Imtiaz Donut Corp., Tahera Donuts, Inc. (Laeeq Bajwa) (2006)
- Liberty Restaurant, Inc. (Abdul Mosaver) (2005)
- Donut Ring Corp. (Elwha Park, Abdul Mosaverl Mohammad Y. Nassiry, Mohammad Anwar Aslami) (2005)
- Linden Donut (Prabodh Parikh, Shashin Parikh, Aruna Parikh, Kerrim Jivani) (2004)
- Fifth Zeet Food Corp. (Ela Hassan, Tamar El Rayess, Zeyad Farr, Mohamed Mohamed) (2004)
- N.N. Ahluwalia, Inc. (Narinder Ahluwalia, Nona Ahluwalia) (2002)
- Liberty Food of Astoria, Inc. (Akhtaruzzaman Chowdhury, Abu Bakar) (2002, 2000)
- National Dount Restaurants of NY, Inc., International Donuts, Inc. (Sultanali M. Hasni, Amin B. Himani, Siraj B. Himani) (2002, 2000)
- DDLN Corp. (Munira J. Meghji, Rodolfo Valencia) (2000)
- Ninth Zeet Corp. (Ela S. Hassan, Tamer El-Rayess, Mohamed Mohamed, Zayed Farr) (2000)
- Priya Enterpriss, Inc. (Jitendra Patel) (2000)
- Atlantic Donuts, Inc. (Kamal Aditya) (2000)

- Shahbaz, Inc., Graham Shahbaz, Inc., Mercy Broadway Corp., 717 Grand Street Corporation (A. Rahim Khawaja, Akhtar H. Khawaja) (2000)
- Basic Distributions, Inc. (Nikish S. Bhatt, Saurabh J. Bhatt, Nilesh H. Mehta) (1999)
- Madina III Trading Corp., Baka Trading Inc. (Abdelsamie Soliman) (1998)

15. In the Northern District of New York, the plaintiffs have brought suit against:

- Sonraj, Inc. (2007)
- KW & D, Inc.(Dasharath Patel, Ruth Wittenborn, Maninder P. Kohli) (2001)

16. In the Western District of New York, the plaintiffs have brought suit against:

- S.S.C.K. Donuts, Inc. (Natwarlal Patel, Narayanbhai Patel, Ambaran Patel, Raikbhai Patel) (2002)

17. In the District of New Jersey, the plaintiffs have brought suit against:

- Anuja, Inc. (Arvind Patel, Dipak Patel, Anand Patel, Anil Patel) (2007)
- Strategic Venture Group, Inc. (Shetal Shah) (2007)
- AMI Donuts Inc., Atlantic Donuts, Inc. (Bhupendra Patel) (2005)
- Arkay Donuts LLC, Anaar Donuts LLC (Nilesh Mehta, Rashmitkant Mehta) (2005)
- Barty D&V Corporation (Joseph Habib) (2005)
- Kavmel, Inc. (Anilkumar Patel, Navitkumar Patel, Viresh Patel, M.S. Kamleash Patel) (2004)
- K&A Partners LLC (Wael Kiomiji, Khalid Abdalla) (2004)
- Genesee Donuts, LLC, Grant Donuts, LLC (Prashant Agarwal) (2003)
- RRP Flemington Donuts, Inc., RP-Ringoes Donuts, Inc. (Akshay Pariku, Falgun Dharia) (2002)
- TAJ Donuts, Inc. ( Kaushick G. Patel, Madhu Patel) (2002)
- KW & D, Inc.(Dasharath Patel, Ruth Wittenborn, Maninder P. Kohli) ( 2001)
- Blue Star Group, Inc. (Ad Dhupar, Nisha Dhupar) (2001)
- Druga (U-A), Inc. (Umashankar Aditya) (2001)

18.   These lists, impressive and illuminating enough alone, of course do not reveal how many minority franchisees have been intimidated sufficiently by notices of termination to abandon their franchised businesses, making suit unnecessary. And they are necessarily limited in geographical scope, regarding only five of the 94 federal judicial districts.

Dated: New York, New York
       February 5, 2008

_____
Michael Einbinder [ME-3930]