MICHAEL EINBINDER (ME-3930)
MATTHEW DAVID BROZIK (MB-6026)
EINBINDER & DUNN, LLP
*Counsel for Defendant*
104 WEST 40th STREET
NEW YORK, NEW YORK 10018
(212) 391-9500
(212) 391-9025 (facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, DD IP HOLDER LLC, a Delaware Limited Liability Company, DD IP HOLDER LLC, a Delaware Limited Liability Company, BASKIN-ROBBINS FRANCHISED SHOPS LLC, a Delaware Limited Liability Company, and BR IP HOLDER LLC,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SUNDRAM, INC., a New York Corporation, SATYAM SHIVAM, INC., (now known as Satyam Eastchester LLC), a New York Corporation, SHIVAM SUNDRAM, INC. (now known as Shivam Bruckner LLC), a New York Corporation, TKNY PARTNERS, LLC, a New York Limited Liability Company, ANIL KAPOOR, a resident of Massachusetts, and PRAN TIKU, a resident of Massachusetts,<br><br>　　　　　　　　　　　　　　Defendants. | 07-CV-11134 (RJH)<br><br>**ANSWER OF ANIL KAPOOR TO AMENDED COMPLAINT WITH COUNTERCLAIM** |

　　　　Defendant Anil Kapoor, by his attorney, Einbinder & Dunn, LLP, as and for his answer to the amended complaint herein alleges as follows:

　　　　1.　　Answering paragraph 1, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

2. Answering paragraph 2, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

3. Answering paragraph 3, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

4. Answering paragraph 4, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

5. Answering paragraph 5, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

6. Answering paragraph 6, Kapoor admits the allegations contained therein.

7. Answering paragraph 7, Kapoor admits the allegations contained therein.

8. Answering paragraph 8, Kapoor admits the allegations contained therein.

9. Answering paragraph 9, Kapoor admits the allegations contained therein.

10. Answering paragraph 10, Kapoor admits the allegations contained therein.

11. Answering paragraph 11, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

12. Answering paragraph 12, Kapoor respectfully refers questions of law to the Court.

13. Answering paragraph 13, Kapoor respectfully refers questions of law to the Court.

14. Answering paragraph 14, Kapoor respectfully refers questions of law to the Court.

15. Answering paragraph 15, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

16. Answering paragraph 16, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

17. Answering paragraph 17, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein and respectfully refers questions of law to the Court.

18. Answering paragraph 18, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

19. Answering paragraph 19, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

20. Answering paragraph 20, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

21. Answering paragraph 21, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

22. Answering paragraph 22, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

23. Answering paragraph 23, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

24. Answering paragraph 24, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein and respectfully refers questions of law to the Court.

25. Answering paragraph 25, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

26. Answering paragraph 26, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein and respectfully refers questions of law to the Court.

27. Answering paragraph 27, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

28. Answering paragraph 28, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

29. Answering paragraph 29, Kapoor respectfully refers the Court to the document referred to for its true terms and legal effect.

30. Answering paragraph 30, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein and respectfully refers the Court to the documents referred to for their true terms and legal effect.

31. Answering paragraph 31, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

32. Answering paragraph 32, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

33. Answering paragraph 33, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

34. Answering paragraph 34, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

35. Answering paragraph 35, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

36. Answering paragraph 36, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

37. Answering paragraph 37, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

38. Answering paragraph 38, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

39. Answering paragraph 39, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

40. Answering paragraph 40, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

41. Answering paragraph 41, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

42. Answering paragraph 42, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

43. Answering paragraph 43, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

44. Answering paragraph 44, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

45. Answering paragraph 45, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect and respectfully refers questions of law to the Court.

46. Answering paragraph 46, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect and respectfully refers questions of law to the Court.

47. Answering paragraph 47, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect and respectfully refers questions of law to the Court.

48. Answering paragraph 48, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect and respectfully refers questions of law to the Court.

49. Answering paragraph 49, Kapoor admits the existence of a Multiple Unit Store Development Agreement and respectfully refers the Court to the document referred to for its true terms and legal effect. Kapoor denies the remainder of the allegations contained therein.

50. Answering paragraph 50, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein

51. Answering paragraph 51, Kapoor admits that the plaintiffs tendered certain purported notice but respectfully refers the Court to that document for its contents and legal effect.

52. Answering paragraph 52, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein

53. Answering paragraph 53, Kapoor denies each and every allegation contained therein.

54. Answering paragraph 54, Kapoor denies each and every allegation contained therein.

55. Answering paragraph 55, Kapoor respectfully refers the Court to the documents referred to for their true terms and legal effect.

56. Answering paragraph 56, Kapoor avers that he paid all required fees to the plaintiffs and respectfully refers the Court to those documents referred to for their true terms and legal effect.

6

57. Answering paragraph 57, Kapoor admits that the plaintiffs tendered certain purported notice but respectfully refers the Court to that document for its contents and legal effect.

58. Answering paragraph 58, Kapoor avers that he paid all required fees to the plaintiffs and that if any fees were paid late, the default was *de minimis.*

59. Answering paragraph 59, Kapoor admits that the plaintiffs tendered certain purported notice but respectfully refers the Court to that document for its contents and legal effect.

60. Answering paragraph 60, Kapoor denies knowledge or information sufficient to form a belief as to the allegations contained therein.

61. Answering paragraph 61, Kapoor denies each and every allegation contained therein.

62. Answering paragraph 62, Kapoor denies each and every allegation contained therein.

63. Answering paragraph 63, Kapoor denies each and every allegation contained therein.

64. Answering paragraph 64, Kapoor admits that the plaintiffs tendered certain purported notice but respectfully refers the Court to that document for its contents and legal effect.

65. Answering paragraph 65, Kapoor repeats and realleges the allegations contained in paragraphs 1 through 64 hereof as if stated fully hereat.

66. Answering paragraph 66, Kapoor denies each and every allegation contained therein.

67. Answering paragraph 67, Kapoor denies each and every allegation contained therein.

68. Answering paragraph 68, Kapoor denies each and every allegation contained therein.

69. Answering paragraph 69, Kapoor repeats and realleges the allegations contained in paragraphs 1 through 68 hereof as if stated fully hereat.

70. Answering paragraph 70, Kapoor denies each and every allegation contained therein.

71. Answering paragraph 71, Kapoor denies each and every allegation contained therein.

72. Answering paragraph 72, Kapoor repeats and realleges the allegations contained in paragraphs 1 through 71 hereof as if stated fully hereat.

73. Answering paragraph 73, Kapoor denies each and every allegation contained therein.

74. Answering paragraph 74, Kapoor denies each and every allegation contained therein.

75. Answering paragraph 75, Kapoor denies each and every allegation contained therein.

76. Answering paragraph 76, Kapoor repeats and realleges the allegations contained in paragraphs 1 through 75 hereof as if stated fully hereat.

77. Answering paragraph 77, Kapoor denies each and every allegation contained therein.

78. Answering paragraph 78, Kapoor denies each and every allegation contained therein.

79. Answering paragraph 79, Kapoor denies each and every allegation contained therein.

80. Answering paragraph 80, Kapoor repeats and realleges the allegations contained in paragraphs 1 through 79 hereof as if stated fully hereat.

81. Answering paragraph 81, Kapoor denies each and every allegation contained therein.

82. Answering paragraph 82, Kapoor denies each and every allegation contained therein.

83. Answering paragraph 83, Kapoor denies each and every allegation contained therein.

84. Answering paragraph 84, Kapoor repeats and realleges the allegations contained in paragraphs 1 through 83 hereof as if stated fully hereat.

85. Answering paragraph 85, Kapoor denies each and every allegation contained therein.

86. Answering paragraph 86, Kapoor denies each and every allegation contained therein.

87. Answering paragraph 87, Kapoor denies each and every allegation contained therein.

88. Answering paragraph 88, Kapoor repeats and realleges the allegations contained in paragraphs 1 through 87 hereof as if stated fully hereat.

89. Answering paragraph 89, Kapoor denies each and every allegation contained therein.

90. Answering paragraph 90, Kapoor denies each and every allegation contained therein.

91. Answering paragraph 91, Kapoor repeats and realleges the allegations contained in paragraphs 1 through 90 hereof as if stated fully hereat.

92. Answering paragraph 92, Kapoor denies each and every allegation contained therein.

93. Answering paragraph 93, Kapoor denies each and every allegation contained therein.

94. Answering paragraph 94, Kapoor denies each and every allegation contained therein.

95. Answering paragraph 95, Kapoor denies each and every allegation contained therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

96. The plaintiffs have failed to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

97. The plaintiffs improperly terminated the franchise agreements and the SDA agreements referred to in the Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

98. The plaintiffs' claims are barred by the doctrines of unclean hands, laches, waiver, and acquiescence.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

99. The plaintiffs have not suffered and will not suffer irreparable harm as a result of the alleged conduct by Kapoor referred to in the Complaint. Moreover, the plaintiffs have adequate remedies at law with respect to their claims, and the balance of the equities favors Kapoor.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

100. Kapoor's performance under the relevant agreements was excused by reason of the plaintiffs' prior breaches of the agreements.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

101. The plaintiffs have failed to mitigate their damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

102. The plaintiffs' notice(s) of termination and the complaint are pretexts and were issued in bad faith and in violation of the law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

103. The plaintiffs' claims are barred by virtue of the unenforceability of certain provisions of the agreements between the parties upon which the plaintiffs purport to rely.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

103. To the extent that any conduct alleged had occurred and constituted a violation, such conduct was cured before the date of the notice of default and termination given by the plaintiffs. To the extent that the plaintiffs allege that any defendant committed any violation, no conduct on the part of any defendant was in contravention of any law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

103. Kapoor repeats and realleges the allegations contained in paragraphs 1 through 102 hereof as if stated fully hereat.

104. Upon information and belief, the plaintiffs are currently undertaking an illegal, invidious, and discriminatory scheme to disenfranchise minority franchisees.

105. Upon information and belief, the plaintiffs are enforcing the default provisions of minority franchisees' franchise agreements, terminating the franchises of minorities for *de minimis* purported violations or inadvertent errors, while turning a blind eye to violations of contract and law of preferred, non-minority franchisees, sometimes aiding and abetting these violations.

106. Upon information and belief, the plaintiffs have terminated and continue to seek termination of the franchises of minority franchisees, not limited to Kapoor herein, citing minor violations of a minority franchisee at one unit and then, relying on the "cross-default" provision of the franchise agreement, terminating all of a minority franchisee's agreements. The plaintiffs then offer the available units to preferred non-minority franchisees.

107. The actions of the plaintiffs are intentionally discriminatory and violate 42 U.S.C. § 1981.

WHEREFORE defendant Anil Kapoor prays for judgment dismissing the amended complaint in its entirety and granting him his counterclaim a monetary sum to be determined at trial as compensatory damages plus interest; punitive damages; attorney's fees; costs and disbursements; an injunction enjoining the unlawful conduct of the plaintiffs; and such other and further relief as to the Court might seem just and proper.

Dated: New York, New York
      February 11, 2008

EINBINDER & DUNN LLP

By: _____
    Matthew David Brozik (MB-6026)
*Counsel for Defendant*
*Anil Kapoor*
104 West 40th Street
New York, New York 10018
Telephone: (212) 391-9500
Facsimile: (212) 391-9025

13