UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
DUNKIN' DONUTS FRANCHISED            :
   RESTAURANTS LLC, *et al.*,        :   PLAINTIFFS' REPLY TO
                                           :   COUNTERCLAIM OF
              Plaintiffs,        :   DEFENDANT PRAN TIKU
                                           :
   v.                                 :   C.A. No. 07-CV-11134 (RJH)
                                           :
SUNDRAM, INC., *et al.*,             :
                                           :
              Defendants.        :
---------------------------------------------------------------x

      Plaintiffs/counter-defendants (collectively "Dunkin'") hereby reply to the counterclaim of Defendant as follows:

## COUNTERCLAIM

1. Dunkin' notes that paragraph 103 under the counterclaim is incorrectly numbered. Dunkin' denies the allegations of paragraph 103.

2. Dunkin' denies the allegations of paragraph 104.

3. Dunkin' denies the allegations of paragraph 105.

4. Dunkin' denies the allegations of paragraph 106.

5. Dunkin' denies the allegations of paragraph 107.

## AFFIRMATIVE DEFENSES

1. Defendant's Counterclaim fails to state a claim upon which relief can be granted.

2. Dunkin' pleads that Defendant is barred from recovery because Dunkin' has complied with all of its legal obligations (if any) to Defendant.

3. Dunkin' pleads that Defendant is barred from recovery because he is unable to prove that Dunkin' caused him any damage or that he suffered any damages.

      4.      Dunkin' pleads that if Defendant suffered any damages, such damages were caused by the acts or omissions of Defendant or other persons for whose acts or omissions Dunkin' is not liable, including Defendant himself.

      5.      Without conceding that Defendant has suffered any damages, Dunkin' pleads that Defendant is barred from recovery, in whole or in part, for failing to mitigate his alleged damages.

      6.      Dunkin' pleads that that Defendant's claims fail, in whole or in part, because, even in the absence of any alleged impermissible motivating factor (of which there was none), Dunkin' would have taken the same actions regarding Defendant.

      7.      Dunkin' pleads that Defendant's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel and/or waiver.

      8.      Dunkin' pleads that Defendant's claims are barred, in whole or in part, by the applicable statutes of limitation.

      9.      Dunkin' denies that Defendant is entitled to recover costs and attorneys' fees under any theory of law.

      10.      Dunkin' reserves the right to add defenses as information is learned through discovery.

      WHEREFORE, Dunkin' prays that this Court dismiss Defendant's Counterclaim with prejudice, award Dunkin' judgment against Defendant for their costs and attorneys' fees incurred in connection with Defendant's Counterclaim, and award Dunkin' such other relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Ronald D. Degen
    Ronald D. Degen, Esq. (RD 7808)
    Scott Goldfinger, Esq. (SC 9219)
    O'ROURKE & DEGEN, PLLC
    225 Broadway, Suite 715
    New York, NY 10007
    Telephone:  (212) 227-4530
    Facsimile:   (212) 385-9813

    Robert L. Zisk, Esq. (RZ 1275)
    David E. Worthen, Esq. (DW 8519)
    Katherine L. Wallman, Esq. (KW 3966)
    GRAY, PLANT, MOOTY, MOOTY
      & BENNETT, P.A.
    2600 Virginia Avenue, N.W., Suite 1111
    Washington, DC 20037
    Telephone:  (202) 295-2200
    Facsimile:   (202) 295-2250

Dated: February 13, 2008    *Attorneys for Plaintiffs*