RECEIVED JUN 9 2008 CHAMBERS OF RICHARD J. HOLWELL

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DUNKIN' DONUTS FRANCHISED :
  RESTAURANTS LLC, et al., :
 :
                      Plaintiffs, :   PROPOSED JOINT
 :   SCHEDULING ORDER
     v. :
 :
SUNDRAM, INC., et al., :
 :   C.A. No. 07-CV-11134 (RJH)
                      Defendants. :
------------------------------------------------------------x

       Plaintiffs Dunkin' Donuts Franchised Restaurants LLC, et al. ("Dunkin'") and Defendants Sundram, Inc., et al. ("Defendants") submit this Proposed Joint Scheduling Order.

A.    Description of the Case

      1.    Attorneys for the parties:

For Plaintiffs:

    Robert L. Zisk, Esq. (RZ-1275) (lead trial counsel)
    David E. Worthen, Esq. (DW-8519)
    Katherine L. Wallman, Esq. (KW-3966)
    GRAY, PLANT, MOOTY, MOOTY
      & BENNETT, P.A.
    2600 Virginia Avenue, N.W., Suite 1111
    Washington, DC 20037
    Telephone: (202) 295-2200
    Facsimile: (202) 295-2250

    Ronald D. Degen, Esq. (RD-7808)
    Scott Goldfinger, Esq. (SC-9219)
    O'ROURKE & DEGEN, PLLC
    225 Broadway, Suite 715
    New York, NY 10007
    Telephone: (212) 227-4530
    Facsimile: (212) 385-9813

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/08

For Defendants:

    Michael Einbinder, Esq. (ME-3930) (lead trial counsel)
    Matthew David Brozik, Esq. (MB-6026)
    EINBINDER & DUNN, LLP
    104 West 40th Street
    New York, New York 10018
    Telephone: (212) 391-9500
    Facsimile: (212) 391-9025

2.     State the basis for federal jurisdiction.

This Court has jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116 (a) & 1121, and 28 U.S.C. §§ 1331, 1332(a), 1338, & 1367(a). This Court has *in personam* jurisdiction over Defendants because they conduct business in this District and the events giving rise to Plaintiffs' claims occurred in this district. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

3.     Briefly describe the claims asserted in the complaint and any counterclaims.

    a.     Dunkin's Claims

Dunkin' brings this action for breach of contract, trademark infringement, trade dress infringement, trademark dilution, and unfair competition arising from, among other things, Defendants' failure to comply with the "obey all laws" provisions in their Franchise Agreements based on their failure to pay overtime wages to their employees, failure to pay minimum wages to their employees, failure to pay all payroll taxes due, and filing false tax returns. By engaging in the breaches of the Franchise Agreements as noted herein, Defendants breached their Multiple Unit Store Development Agreement (SDA). Defendants have also failed to pay their Franchise Fees and Advertising Fees in breach of the parties' Franchise Agreements and SDA. Finally, Defendants have violated Dunkin's standards for health, sanitation, and safety, in breach of the parties' Franchise Agreements and SDA.

    b.     Defendants' Counterclaim

Defendants assert that the plaintiffs are currently undertaking an illegal, invidious, and discriminatory scheme to disenfranchise minority franchisees. Specifically, the plaintiffs are enforcing the default provisions of minority franchisees' franchise agreements, terminating the franchises of minorities for *de minimis* purported violations or inadvertent errors, while turning a blind eye to violations of contract and law of preferred, non-minority franchisees, sometimes aiding and abetting these violations. The plaintiffs have terminated and continue to seek termination of the franchises of minority franchisees, not limited to the defendants herein, citing minor violations of a minority franchisee at one unit and then, relying on the "cross-default" provision of the franchise agreement, terminating all of a minority franchisee's agreements. The plaintiffs then offer the available units to preferred non-minority franchisees.

2

4. State the major legal and factual issues in the case

   a. Whether Defendants breached their Franchise Agreements;

   b. Whether Dunkin's terminations of the Defendants' Franchise Agreements and Store Development Agreement should be enforced;

   c. Whether Defendants' continued operation of their franchises after the issuance of the Notice to Termination constitutes violations of the Lanham Act, 15 U.S.C. § 1111, *et seq.*, related to trademark infringement, unfair competition and trade dress infringement; and

   d. Whether the plaintiffs have/are engaged in illegal discrimination in violation of 42 U.S.C. § 1981 with regard to Defendants.

5. Describe the relief sought.

   a. Dunkin' seeks a declaratory judgment order stating that Defendants' conduct violated the terms of the Franchise Agreement and SDA and constitutes good cause for terminating those contracts and an injunctive order ratifying and enforcing the termination of the Franchise Agreements and SDA as of the effective date of the Notice of Default and Termination. Dunkin' seeks an injunctive order directing Defendants to comply with their post-termination obligations under any contract with Dunkin'. Dunkin' also seeks an award of damages incurred as a result of the Defendants' breaches of the Franchise Agreements and their violation of the Lanham Act. Dunkin' seeks to enjoin Defendants from infringing upon Dunkin's trademarks, trade dress, and trade names and from otherwise engaging in unfair competition with Dunkin'. Finally, Dunkin' seeks its costs and attorneys' fees incurred in connection with this action pursuant to the Franchise Agreements and the Lanham Act.

   b. Defendants seek a judgment dismissing the amended complaint in its entirety and granting them on their counterclaim a monetary sum to be determined at trial as compensatory damages plus interest; punitive damages; attorney's fees; costs and disbursements; and an injunction enjoining the unlawful conduct of the plaintiffs.

B. Proposed Case Management

   1. Identify all pending motions: none

   2. Deadline for joinder of additional parties: June 27, 2008.

   3. Deadline for amendment of pleadings: June 27, 2008.

3

4. Discovery:
   a. Deadline for disclosures under Rule 26(a)(1): June 13, 2008.
   b. Deadline for completion of fact discovery: October 31, 2008.
   c. Deadline for disclosures under Rule 26(a)(2): November 15, 2008.
   d. Deadline for completion expert discovery: January 31, 2009.

5. Deadline for dispositive motions: March 2, 2009.

6. Deadline for submission of final pretrial order: April 20, 2009

7. Trial:
   a. Bench trial
   b. The parties estimate that the trial will take 3-5 days to complete.
   c. The parties estimate that this matter will be ready for trial on May 4, 2009.

C. Consent to Proceed before a Magistrate Judge: The parties do not consent to a trial by the Magistrate Judge.

D. At this time, the parties do not believe that this case is amenable to being resolved in whole or in part through any alternative dispute resolution procedure.

E. A status conference shall be held on 11/04/08 at 10:00 am

SO ORDERED

Dated: New York, New York

6/13/08

Richard J. Howell
United States District Court Judge

4

Respectfully submitted,

By _/s/ Ronald D. Degen_
Ronald D. Degen, Esq. (RD-7808)
Scott Goldfinger, Esq. (SC-9219)
O'ROURKE & DEGEN, PLLC
225 Broadway, Suite 715
New York, NY 10007
Telephone: (212) 227-4530
Facsimile: (212) 385-9813

Robert L. Zisk, Esq. (RZ-1275)
David E. Worthen, Esq. (DW-8519)
Katherine L. Wallman, Esq. (KW-3966)
GRAY, PLANT, MOOTY, MOOTY
   & BENNETT, P.A.
2600 Virginia Avenue, N.W., Suite 1111
Washington, DC 20037
Telephone: (202) 295-2200
Facsimile: (202) 295-2250

By _/s/_
Michael Einbinder, Esq. (ME-8930)
Matthew David Brozik, Esq. (MB-6026)
EINBINDER & DUNN, LLP
104 West 40th Street
New York, New York 10018
Telephone: (212) 391-9500
Facsimile: (212) 391-9025